# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| JANATH PRIDE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 12 cv 5740 |
| v. | ) | |
| | ) | Judge Marvin E. Aspen |
| | ) | |
| ILLINOIS DEPARTMENT OF HUMAN | ) | |
| SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Court Judge:

On July 20, 2012, Plaintiff Janath Pride ("Plaintiff") filed a four-count complaint alleging employment discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–34 ("ADEA"), the Illinois Human Rights Act, 775 ILCS 5/2-102 ("IHRA"), and Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.* (Dkt. No. 1.) Presently before us is Defendant Illinois Department of Human Services' ("Defendant") motion to dismiss and motion to strike. (Dkt. No. 10.) For the following reasons, we dismiss the complaint in part and grant Defendant's motion to strike.

## BACKGROUND

The following facts are drawn from the complaint and accepted as true for the purposes of this motion. Plaintiff is a 67 year old African-American woman who was employed by Defendant as an Assistant Local Office Administrator from November 1972 until December 2011. (Compl. ¶¶ 4, 9, 15.) Starting around January 2011, Plaintiff's supervisor, Mr. Willie States, Interim Local Office Administrator, allegedly "discriminated against Plaintiff based upon

her age and sex, and retaliated against Plaintiff for complaining about said discrimination." (*Id.* ¶ 12.) Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on October 7, 2011 and received a right to sue letter. (Compl. ¶¶ 8, 14, Ex. A.) Defendant terminated Plaintiff's employment on December 30, 2012 and Plaintiff initiated the present suit. (Compl. ¶ 15.)

Defendant moves to dismiss the claims under the ADEA and the IHRA (Counts I and II) pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Mem. at 2.) Defendant also moves to strike Plaintiff's requests for punitive damages under Title VII and the ADEA and damages for pain and suffering under the ADEA. (*Id.*) Plaintiff does not contest the dismissal of the IHRA claim and concedes that the ADEA does not permit punitive damages or damages for pain and suffering. (Resp. at 2, 4.) Therefore, we only discuss whether Plaintiff's ADEA claim can survive a motion to dismiss and whether Plaintiff may recover punitive damages under Title VII.

## STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is meant to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In evaluating a motion to dismiss, we must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A court may grant a motion to dismiss under Rule 12(b)(6) only if a complaint lacks enough facts "to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949–50 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct.

1955, 1974 (2007)); *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618–19 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949.

Although a facially plausible complaint need not give "detailed factual allegations," it must allege facts sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964–65. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. These requirements ensure that the defendant receives "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964.

## ANALYSIS

### I. Plaintiff's Claim Under the ADEA

Defendant argues that Plaintiff's ADEA claim should be dismissed because the Supreme Court's holding in *Gross v. FBL Financial Services, Inc.* foreclosed the possibility of pleading both sex and age discrimination claims if they arise out of the same employment action. *See* 557 U.S. 167, 176, 129 S. Ct. 2343, 2350 (2009). (Mem. at 8.) According to Defendant, *Gross* prohibits mixed-motive claims under the ADEA, so Plaintiff cannot possibly prevail if the employment action was the result of both age and sex discrimination. (*Id.*) This argument rests on a misreading of *Gross*.

The Court in *Gross* held that "a plaintiff must prove that age was the 'but-for' cause of the employer's adverse decision." *Gross*, 557 U.S. at 176, 129 S. Ct. at 2350. Therefore, a claim under the ADEA must fail "when an employee alleges that he suffered an adverse

employment action because of both permissible and impermissible considerations—*i.e.,* a 'mixed-motives' case." *Id.* at 171, 129 S. Ct. at 2347. Thus, the holding in *Gross* explains the requirements for a age discrimination claim based on the Court's interpretation of the ADEA, but the Court never suggested that an age discrimination claim would automatically preclude claims based on other types of discrimination. *Id.*; *see Babych v. Psychiatric Solutions, Inc.*, No. 09 C 8000, 2010 WL 3547981, at *2 (N.D. Ill. Sept. 7, 2010) ("*Gross* has nothing to say about pleading claims in the alternative."). As the Supreme Court explained, a "mixed-motive" case under the ADEA refers to those circumstances where both age discrimination and a *legitimate* motivation played a part in the employment decision. *Gross*, 557 U.S. at 171, 129 S. Ct. at 2347. It does not mean that a plaintiff who believes she has suffered discrimination based on sex or race as well as age must choose at the outset to file suit for one or the other.

Courts in this district have consistently considered and rejected Defendant's reading of *Gross*. In *Babych*, Judge Lefkow concluded, "although a jury may not be given a mixed motives instruction for the ADEA claim, it may be instructed to consider each of plaintiff's claims on its merits." 2010 WL 3547981, at *2. Similarly, Judge Kennelly recently denied a motion to dismiss an ADEA claim, holding that the plaintiff "has not 'pled himself out of court' by asserting alternative claims of discrimination. Federal Rule of Civil Procedure 8(d)(2) permits a party to pursue alternative claims." *Anbudaiyan v. Ill. Dep't of Fin. & Prof'l Reg.*, No. 11 C 8893, 2012 WL 2525696, at *3 (N.D. Ill. June 29, 2012).

Defendant urges us to ignore these opinions from our own district and instead follow *Culver v. Birmingham Board of Education*, where the Alabama district court's perfunctory holding aligns with Defendant's reading of *Gross*. 646 F. Supp. 2d 1272, 1272 (N.D. Ala.

2009). We find *Culver* distinctly unpersuasive. One paragraph in length, it lacks any analysis or explanation at all, much less sufficient reasoning to convince us that its understanding of *Gross* is correct. *Id.* We agree instead with the compelling analysis of the courts in our district and hold also that *Gross* does not prevent Plaintiff from proceeding with discrimination claims under both the ADEA and Title VII. Accordingly, we deny Defendant's motion to dismiss with respect to the ADEA claim.

## II.     Punitive Damages Under Title VII

Defendant correctly asserts that it is exempt from punitive damages under 42 U.S.C. § 1981a(b)(1) because it is a state government agency. *See Baker v. Runyon*, 114 F.3d 668, 669 (7th Cir. 1997) ("Congress, in enacting section 1981a, exempted all government agencies from the Act's punitive damage provision, with no articulated exceptions."). *Baker* dealt with a federal government agency, and Plaintiff argues that Defendant's motion fails for lack of any case law holding that "federal/national government agencies are indistinguishable from state/local agencies for purposes of 42 U.S.C. § 1981a(b)(1)." (Resp. at 4.)

Not only does the relevant case law unambiguously apply 42 U.S.C. § 1981a(b)(1) to state agencies in general, but a number of cases have applied the statute specifically to this Defendant. *Job v. Ill. Dep't of Human Servs.*, No. 08 C 3838, 2009 WL 255596, at *3 (N.D. Ill. Feb. 2, 2009) ("A state agency, like IDHS, is considered a government agency under § 1981a(b)(1)."); *Blalock v. Ill. Dep't of Human Servs.*, 349 F. Supp. 2d 1093, 1097 (N.D. Ill. 2004) (". . . IDHS, as a state agency, is not subject to punitive damages under either the ADA or Title VII."); *Hudson v. Ill. Dep't of Human Servs.*, No. 02 C 9227, 2003 WL 22839819, at *4 (N.D. Ill. Nov. 25, 2003) ("Because IDHS is a state agency, it is exempt from judgments for

punitive damages."). Plaintiff's argument is therefore meritless, and we grant Defendant's motion to strike Plaintiff's claims for punitive damages.

## CONCLUSION

For the reasons set forth above, we deny Defendant's motion to dismiss Plaintiff's claims under the ADEA and grant the motion with respect to the IHRA claims. We grant Defendant's motion to strike Plaintiff's request for punitive damages under the ADEA and Title VII, and for pain and suffering damages under the ADEA. It is so ordered.

_____
Honorable Marvin E. Aspen
U.S. District Court Judge

Date: January 10, 2013